## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

TIMOTHY BLIXSETH,
892 Southshore Boulevard
Incline Village, Nevada  89451

      Plaintiff,

vs.

UNITED STATES IMMIGRATION AND
CUSTOMS ENFORCEMENT,

**Serve:**

      Civil Process Clerk
      Office of the United States Attorney for the
      District of Columbia
      555 Fourth Street, NW
      Washington, DC  20530,

      William Barr
      Attorney General of the United States
      950 Pennsylvania Ave., NW
      Washington, DC  20530-0001

      United States Immigration and
      Customs Enforcement
      Office of the Principal Legal Advisor
      500 12th Street, SW
      Washington, DC  20536

      Defendant.

Civil Action No. _____

## COMPLAINT FOR INJUNCTIVE RELIEF
### (Freedom of Information Act)

      For his complaint against Defendant United States Immigration and Customs

Enforcement ("ICE"), Plaintiff alleges as follows:

      1.      This is an action under the Freedom of Information Act ("FOIA"),

5 U.S.C. § 552, to require ICE to conduct additional searches for responsive records, enjoin ICE

from improperly withholding agency records, and order the production of all improperly withheld agency records, along with indices justifying the withholding of any responsive records withheld under claim of exemption.

2.      The records relate to three ICE searches of Plaintiff's plane, Aircraft Tail Number N650GC, as part of a coordinated and corrupt effort by high-level Department of Justice officials, along with ICE and other agencies, to intimidate Plaintiff from further pursuing his legal rights to continue challenging a bankruptcy reorganization plan in Montana.  Plaintiff's challenges were the only obstacle standing in the way of private investors (and friends of these high-level officials) making over $1 billion.

3.      The records are responsive to Plaintiff's FOIA Request ("Request") submitted to ICE via email and first class mail on April 17, 2018.

4.      ICE has failed to conduct adequate searches for responsive records and has wrongfully withheld responsive records.

## Parties

5.      Plaintiff is an individual with residence in Nevada.

6.      ICE is an agency of the United States of America under 5 U.S.C. § 552(f)(1) and 5 U.S.C. § 551(1).

## Jurisdiction and Venue

7.      This Court has jurisdiction over this claim pursuant to 28 U.S.C. § 1331 and 5 U.S.C. § 552(a)(4)(B).

8.      Venue is proper pursuant to 5 U.S.C. § 552(a)(4)(B).

**Background**

9.      On April 17, 2018, Plaintiff submitted his Request to ICE via email and first class mail.  The Request seeks "[a]ll documents that refer or relate to Blixseth, Aircraft Tail Number N650GC, or Yellowstone Aviation & Marine."  It also seeks "[a]ll emails from any and all of former U.S. ICE Director John Morton's email accounts from the period of January 1, 2010 through December 31, 2010, referencing:  (a) N650GC; (b) Yellowstone; (c) Yellowstone Aviation & Marine; and (d) Blixseth.  A true and correct copy of the Request is attached as Exhibit 1.

10.     On April 27, 2018, ICE acknowledged receipt of the Request and assigned it reference number 2018-ICFO-31995.  A true and correct copy of the April 27, 2018 acknowledgement is attached as Exhibit 2.

11.     On May 1, 2018, ICE FOIA officer, Catrina M. Pavlik-Keenan, sent a letter to Plaintiff's counsel discussing fees for processing the Request, and requested an advanced payment of $300.00 within ten business days, or the option of narrowing the scope of the request.  A true and correct copy of the May 1, 2018 letter is attached as Exhibit 3.

12.     On May 1, 2018, Plaintiff's counsel tried to reach Ms. Pavlik-Kennan by telephone and email.  A true and correct copy of the May 1, 2018 email is attached as Exhibit 4.

13.     On May 9, 2018, Plaintiff's counsel sent a letter to Ms. Pavlik-Kennan addressing search and duplication expenses and asked to speak with Ms. Pavlik-Kennan.  A true and correct copy of the May 9, 2018 letter is attached as Exhibit 5.

14.     On May 18, 2018, having still not heard back, Plaintiff's counsel sent another letter to Ms. Pavlik-Kennan.  In that letter, Plaintiff's counsel indicated that she had received no response to her requests.  Plaintiff's counsel submitted the $300.00 payment to ensure that the

ICE FOIA Office continued to process the Request, and again asked to discuss the Request.  A true and correct copy of the May 18, 2018 letter is attached as Exhibit 6.

15.     In a letter dated June 6, 2018, and received on June 18, 2018, Ms. Pavlik-Kennan returned the $300.00 check to Plaintiff's counsel, stating that the payment was not needed at the time, and indicated that the Request was being processed.  The letter also provided contact information for the Office of Government Information Services ("OGIS") for dispute resolution services.  A true and correct copy of the June 6, 2018 letter is attached as Exhibit 7.

16.     On June 18, 2018, Plaintiff's counsel contacted OGIS by phone and then emailed OGIS and ICE, providing all correspondence with ICE to date.  Plaintiff's counsel asked OGIS to assist in resolving the Request, given the inadequate and inconsistent communications from the ICE FOIA Office.  A true and correct copy of the June 18, 2018 email with attachments is attached as Exhibit 8.

17.     The day after Plaintiff's counsel contacted OGIS, on June 19, 2018, the ICE FOIA Office emailed Plaintiff's counsel, stating that they "just received responsive records back from the program and have assigned [the] request to a processer for processing."  A true and correct copy of the June 19, 2018 email is attached as Exhibit 9.

18.     Plaintiff's counsel emailed the ICE FOIA Office that day and again asked to discuss the Request.  A true and correct copy of the June 19, 2018 email is attached as Exhibit 10.

19.     Once again, on June 25, 2018, Plaintiff's counsel emailed the ICE FOIA Office asking to discuss the request.  A true and correct copy of the June 25, 2018 email is attached as Exhibit 11.

20.     In late June/early July 2018, Plaintiff's counsel conferred with the ICE FOIA
Office.

21.     On August 16, 2018, ICE sent the agency's "final response" to the Request.  In
the August 16, 2018 letter, the agency explained that a "search of the ICE Office of the Director
and ICE Homeland Security Investigations (HSI) . . . produced 357 pages" of responsive records.
A true and correct copy of the August 16, 2018 final response letter (without attached news
clippings) is attached as Exhibit 12.

22.     On September 24, 2018, Plaintiff appealed this adverse determination, stating that
the "agency's search for responsive records was completely inadequate."  The appeal letter
explained that the "only documents produced were news clippings that the FOIA Office
concluded were attachments to John Morton's emails."  A true and correct copy of the
September 24, 2018 appeal letter with attachments is attached as Exhibit 13.

23.     In the appeal letter, Plaintiff's counsel explained that "Mr. Blixseth's aircraft with
Tail Number N650GC was intercepted by ICE agents on three occasions in Las Vegas, Arizona,
and Thermal, California.  There were several witnesses present during those stops.  The Thermal,
California ICE stop was on October 19, 2010.  The ICE agents traveled from Riverside,
California and communicated with the individuals on the plane and with permission, searched
the aircraft."  Exhibit 13.

24.     Additionally, the letter stated:  "Under its own policies, ICE is required to create
and maintain all investigative files for any such activities, and as such, there must be responsive
investigative records maintained by ICE in response to this Request.  Accordingly, the agency's
search was completely inadequate in failing to locate a single document regarding such
investigative activities."  *Id.*

25.     On September 28, 2018, ICE acknowledged receipt of the appeal and assigned it tracking number 2018-ICAP-00492.  A true and correct copy of the September 28, 2018 email is attached as Exhibit 14.

26.     On February 11, 2019, Plaintiff's counsel emailed the ICE FOIA Office, indicating that she had attempted to reach the ICE FOIA Office and the mailbox was full.  She asked the ICE FOIA Office to contact her as soon as possible to discuss the status of the appeal.  A true and correct copy of the February 11, 2019 email is attached as Exhibit 15.

27.     On February 14, 2019, ICE responded with a "final response" to Plaintiff's appeal.  The ICE email with the attached final response letter is dated February 14, 2019, but the actual signed letter is dated October 24, 2018.  A true and correct copy of the February 14, 2019 email with the attached October 24, 2018 letter is attached as Exhibit 16.

28.     In the October 24, 2018 final response letter (which was not sent until almost four months later, on February 14, 2019), ICE stated that "[u]pon a complete review of the administrative record and the search documentation, ICE has determined that a new search(s), or modifications to the existing search(s), could be made.  ICE is therefore remanding your appeal to the ICE FOIA Office for processing and re-tasking to the appropriate agency/office(s) to obtain any responsive documents."  *See* Exhibit 16.

29.     On February 22, 2019, Plaintiff's counsel emailed the ICE FOIA Office requesting that the Office contact her "as soon as possible to discuss the remand of this appeal."  A true and correct copy of the February 22, 2019 email is attached as Exhibit 17.

30.     On March 13, 2019, ICE issued its final response to Plaintiff's FOIA appeal.  In the final response letter, ICE stated that "[u]pon remand it was determined that the ICE Office of Homeland Security Investigations (HSI) should be tasked with a new search for responsive

records.  The new search of HSI produced forty-eight (48) pages that are responsive to your request."  A true and correct copy of the March 13, 2019 final response letter with attachments is attached as Exhibit 18.

31.      HSI is the same office that in August 2018 determined that there were no responsive records beyond the John Morton news clippings.  Yet, eight months later, after Plaintiff's appeals and repeated requests, the agency somehow "found" an additional 48 highly responsive records that were actually titled with the Aircraft Tail Number N650GC, Yellowstone Aviation LLC, and Tim Blixseth.  It is hard to imagine more responsive records than those titled with the very search terms in Plaintiff's Request.  The agency provided no explanation as to why those records were not previously located or produced.

32.      Moreover, ICE asserted Exemptions 6, 7(C), and 7(E) and highly redacted the 48 pages of responsive records.  *See* Exhibit 18.  ICE also failed to produce additional responsive records.

33.      Accordingly, Plaintiff has exhausted his administrative remedies and seeks immediate judicial review.

## COUNT I – VIOLATION OF FOIA
### Failure To Conduct Adequate Searches For Responsive Records

34.      Plaintiff incorporates each of the foregoing paragraphs of this Complaint.

35.      Pursuant to FOIA, 5 U.S.C. § 552(a), Plaintiff has a statutory right to access the requested agency records.

36.      Plaintiff properly requested records from ICE.

37.      ICE is required to engage in reasonable efforts to search for requested records.

38.      ICE has failed to adequately review agency records for the purpose of locating responsive records.

39.     ICE's failure to conduct an adequate search for responsive records violates FOIA.

40.     Plaintiff is entitled to injunctive relief requiring ICE to engage in reasonable efforts to search for records responsive to Plaintiff's Request.

## COUNT II – VIOLATION OF FOIA
### Wrongful Withholding Of Responsive Records

41.     Plaintiff incorporates each of the foregoing paragraphs of this Complaint.

42.     Pursuant to FOIA, 5 U.S.C. § 552(a), Plaintiff has a statutory right to access the requested agency records.

43.     Plaintiff properly requested records from ICE.

44.     ICE has wrongfully withheld agency records responsive to Plaintiff's FOIA Request, including by asserting improper exemptions.

45.     ICE's failure to provide responsive agency records violates FOIA.

46.     Plaintiff is entitled to injunctive relief requiring ICE to promptly produce such responsive records and provide indices justifying the withholding of any records under claim of exemption.

## Prayer for Relief

WHEREFORE, Plaintiff respectfully requests that this Court enter a judgment for Plaintiff and award the following relief:

a.      Order Defendant to conduct searches reasonably calculated to uncover all records responsive to Plaintiff's Request;

b.      Order Defendant to produce such records to Plaintiff in accordance with FOIA, along with indices justifying the withholding of any responsive records withheld under claim of exemption;

c.      Enjoin Defendant from continuing to withhold any records responsive to

Plaintiff's Request;

d.      Expedite the proceedings in this action;

e.      Award Plaintiff his costs and attorney's fees reasonably incurred in this action,

pursuant to 5 U.S.C. § 552(a)(4)(E); and

f.      Award Plaintiff such other and further relief as the Court may deem just and

proper.


                                        Respectfully submitted,


May 3, 2019

                                        /s/ Lisa Norrett Himes
                                        Lisa Norrett Himes (DC Bar No. 464089)
                                        Rogers Joseph O'Donnell, PC
                                        875 15th Street, NW, Suite 725
                                        Washington, DC  20005
                                        Tel:  (202) 777-8950
                                        Fax:  (202) 347-8429
                                        lhimes@rjo.com


                                        *Attorney for Plaintiff*